**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

William E. Carmichael,

      Plaintiff,

    v.

Northrop Grumman Ship Systems, Inc.,

      Defendant.

No. 1:06-cv-00775-LG-RHW

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

(Civil Rights-Employment)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.   This action seeks injunctive and declaratory relief to prevent continuing, systemic, and unjustified race discrimination by the employer, NORTHROP GRUMMAN SHIP SYSTEMS, INC. ("NGSS"), with regard to the retention, terms and conditions of employment, treatment, and promotion and transfer of Black employees at NGSS, including severe, pervasive, and ongoing harassment of Black employees through longstanding maintenance of a racially hostile work environment.  In addition to injunctive and declaratory relief, and all other available equitable relief, plaintiff seeks compensatory and punitive damages.

## JURISDICTION

2.   This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981").  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ l343 (3)&(4); 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202.

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

1

## PARTIES

3.   William Carmichael is a Black employee of NGSS who has been employed by NGSS for over 27 years.

4.   NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a business that is engaged in the construction and refurbishing of seagoing vessels, both military and civilian.  It is located in Pascagoula, Mississippi.  It is an employer for purposes of Title VII.  On the basis of information and belief, plaintiff alleges that NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a successor in interest to INGALLS SHIPBUILDING COMPANY.

5.   NGSS has received numerous contracts and substantial income from agencies and departments of the Federal Government, and because of the receipt of said contracts and income it is subject to Title VI of the Civil Rights Act of 1964, as amended.  NORTHROP GRUMMAN SHIP SYSTEMS, INC., and its predecessor, INGALLS SHIPBUILDING COMPANY, therefore are, and have been, a federal contractor at all times relevant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.   All conditions precedent to jurisdiction pursuant to section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with to wit:  an appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and a notice of right to sue was issued by the Equal Employment Opportunity Commission.

7.   Plaintiff has filed a timely complaint based on the time limits contained in section 706 of Title VII of the Civil Rights Act of 1964, as amended.

8.   On or about December 20, 2000, the Equal Employment Opportunity Commission issued a determination finding reasonable cause to believe that a racially hostile work environment existed at NGSS.

9.   Attempts at conciliation regarding the finding of a racially hostile work environment, which was and is statutorily required, failed.

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

2

## PROCEDURAL BACKGROUND PRECEDING THIS COMPLAINT

10. An initial complaint was filed in the United States District Court for the Southern District of Mississippi on March 21, 2001, in which eleven (11) persons, named as representative plaintiffs, and the organization, Ingalls Workers for Justice, alleged class-wide discrimination at NGSS on the basis of race.  The case was assigned a case number of 1:01-cv-111-(G)-(R).

11. A First Amended Complaint was filed on April 26, 2001 in the initial case, additionally alleging maintenance of a racially hostile work environment at NGSS.

12. A Complaint in Intervention was filed on February 13, 2003 in the initial case, necessitated by the Court's dismissal of the following causes of action and parties from the First Amended Complaint on February 28, 2002:

    a)  Dismissal of the class action allegations seeking compensatory and punitive damages;

    b)  Dismissal of the claim for relief alleged pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*;

    c)  Dismissal of the claim for relief alleged pursuant to the Thirteenth Amendment to the U.S. Constitution;

    d)  Dismissal of organizational plaintiff INGALLS WORKERS FOR JUSTICE;

    e)  Dismissal of defendant LITTON INDUSTRIES; and

    f)  Dismissal of defendant NORTHROP GRUMMAN.

13. A Second Amended Complaint was filed on April 7, 2003 in the initial case.

14. On or about March 16, 2004, the initial case was reassigned to the Honorable Louis Guirola, Jr., District Court Judge; on December 30, 2004, the Honorable Robert H. Walker, Magistrate Judge, was assigned to be the Magistrate Judge for the initial case.

15. On August 17, 2006, Magistrate Judge Walker entered an order entitled, "Order Requiring Separate Complaints," which, *inter alia*, severed the plaintiffs' claims from one another, and required the filing of new complaints and assignment of new case numbers for each of the individual plaintiffs in Case No. 1:01-cv-111-(LG)-(RHW).

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

3

16. At some point during the period of time from August 17, 2006 through September 7, 2006, plaintiff William Carmichael's severed action was assigned the case number of 1:06-cv-00775-LG-RHW.

## FACTUAL STATEMENT

## RACIAL DISCRIMINATION GENERAL ALLEGATIONS

17. The defendant, NGSS, has intentionally pursued and continues to pursue employment policies and practices that constitute systemic discrimination against plaintiff and other Black employees and that deprive or tend to deprive such persons of equal employment opportunities within NGSS.  NGSS has intentionally implemented these policies and practices, among other ways, as follows:

a) By failing to treat Blacks on an equal basis with Whites.

b) By using selection devices for promotions that have an adverse impact on Blacks, are not job related and have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures, and have more adverse impact than equally valid alternatives.

c) By using evaluation procedures in the consideration of employees for promotions that discriminate against or illegally exclude Black employees from consideration.

d) By failing to provide Black employees with equal opportunities for advancement within the company because of their race.  Black employees are denied promotions despite their qualifications and years on the job.  It is not uncommon for a Black employee to be denied a promotion at NGSS in an area she or he has worked in for twenty years and then be assigned to train a White employee with less seniority.

e) By maintaining a double standard in the granting of promotions to White employees vis à vis Black employees.  Practices including cronyism, nepotism, word-of-mouth recruitment, failure to post or advertise employment opportunities, and/or the placement of White employees in acting positions have

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

4

inured to the determent of Black employees historically.

 f) By restricting access to employment opportunities for Black employees and maintaining a workforce in which its supervisory and management personnel has been and continues to be predominately White.

 g) By engaging in a policy in which positions are actually filled even before they may be posted or advertised as an available position.

 h) By demoting Black employees at a disproportionate rate as compared to White employees.

 i) By retaliating against Black employees after they have complained or challenged, in any way, the discriminatory policies, procedures, and practices that permeate the work environment at NGSS.

 j) By denying Black employees opportunities to go on trips or sea trials where they would be able to earn substantial amounts of overtime.

 k) By maintaining a practice of "job steering," resulting in Black employees being assigned to, and then denied the opportunity to move out of, dangerous, dirty, and generally less desirable work areas because of their race.

 l) By instituting and allowing the continuance of a racially hostile work environment for Black employees.

18. This pattern or practice denies the full exercise of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

19. NGSS has been aware that its actions with regard to the treatment of Black employees were and are in violation of federal statutes prohibiting discrimination on the basis of race.

<u>**SPECIFIC CLAIMS FOR RELIEF**</u>

<u>**TITLE VII AND § 1981**</u>

20. Plaintiff incorporates paragraphs 1 through 19, as though fully set forth herein.

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

5

21. Plaintiff has worked for 27 years in one or more of the departments at NGSS utilizing a position entitled "leaderman" or "half-hat."  Based upon information and belief, plaintiff hereby alleges that no formal means of applying for the position of "leaderman" or "half-hat" at NGSS exist.  Plaintiff has made it known that he has been interested in being selected for the position of "leaderman" or "half-hat."  Plaintiff demonstrated his qualifications for that position when he held it from on or about July 26,1993 to August 19, 1999. However, he was not re-selected for the position of leaderman.  The means used to determine that plaintiff would not be re-selected for a position, for which he was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.

22. Plaintiff has been demoted at times during which similarly situated White co-workers with fewer years of seniority were not demoted.  Plaintiff was not informed of the reason why he was demoted while White co-workers with fewer years of seniority were not.  The decision to demote plaintiff in spite of his seniority was and is a violation of Title VII and § 1981.  Plaintiff has been demoted under such circumstances, which include, but are not limited to in the following instances:

   a) On or about August 19, 1999, plaintiff was demoted from the position of work leaderman to insulator.  At that time, plaintiff's seniority in the company was 20 years, and in the department was 20 years.  White co-workers with fewer years of seniority were not demoted at that time.

   b) Plaintiff complained to supervisor James Webb about being demoted.  Mr. Webb laughed and said he would do whatever he wanted to do.

23. Plaintiff has made his supervisor(s) aware that he desired to be chosen to participate in offsite trips.  However, he has never been selected to participate in any offsite trips in spite of being qualified to be so chosen, while his similarly situated White colleagues have overwhelmingly been selected to do so.  Plaintiff was informed that work leadermen could not go on trips, but plaintiff observed that White leadermen had gone on offsite trips.  Furthermore, the selection process for participating in these offsite trips has never been validated pursuant to

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

6

the Uniform Guidelines on Employee Selection Procedures.

24. Plaintiff has been subjected to racial job tracking that assigns Black employees at NGSS at a disproportionate rate as compared to White employees to the most undesirable, dirtiest, and dangerous employment environments in the workplace.  Plaintiff's assignment to such assignments includes following instances:

    a)  Plaintiff has been forced to work in the engine room, which is very dirty.  A crew of 28 people works in the engine room.  Of this crew of 28, only 7 are White.

25. Plaintiff has been subjected to disparate treatment with regard to the imposition of discipline for actual or alleged transgressions for which plaintiff is informed and believes similarly situated White employees were not disciplined.  Indeed, the imposition of some of these alleged offenses adopt negative stereotypes of Black workers.  Such treatment includes, but is not limited to, in the following instances:

    a)  Plaintiff was disciplined on or about 9/28/88 for loafing;

    b)  Plaintiff was disciplined on or about 7/23/86 for early departures;

    c)  Plaintiff was disciplined on or about 6/7/85 for an unexcused absence;

    d)  Plaintiff was disciplined on or about 3/17/82 for being out of his work area;

    e)  Plaintiff was disciplined on or about 9/23/80 for excessive late arrivals; and

    f)  Plaintiff was disciplined on or about 8/29/79 for unexcused absences.

26. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to offensive racially derogatory writings, depictions, and/or graffiti on a constant basis in a number of places at NGSS.  NGSS knows or should have known of the presence of offensive racially derogatory writings, depiction, and/or graffiti in its workplace, but has failed to take steps to prevent or correct promptly its occurrence.  Plaintiff has complained about being subjected to the offensive racially derogatory writings, depictions, and/or graffiti, but the response has always been insufficient to remedy the situation.  Plaintiff has not complained about each and every instance of having been exposed to the offensive racially derogatory writings, depictions, or graffiti because plaintiff believed it would be useless so to do,

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

7

given the historical lack of sufficient response on the part of NGSS.   Such exposure includes, but is not limited to, the following instances:

a)  Since he began working at the shipyard in 1979, plaintiff has seen offensive racially derogatory writing, depictions, and/or graffiti at the shipyard continuing to the present day.  Specifically, plaintiff saw graffiti that said "hang niggers, send niggers back to Africa."

b)  In Summer 2004, plaintiff saw offensive racially derogatory writing, depictions, and/or graffiti in the bathrooms at the shipyard.  For example, plaintiff saw graffiti, which stated: "Gore is for all niggers and Bush is for whites.

c)  In 2002, plaintiff saw offensive racially derogatory writing, depictions, and/or graffiti in the bathrooms at the shipyard.

d)  Supervisors have been present and observed the offensive racially derogatory writings, depictions, and/or graffiti, but, to plaintiff's knowledge, took no steps to remedy the situation.

e)  In the late 1990s or early 2000, plaintiff complained to supervisor James Webb about the offensive racially derogatory writings, depictions, and/or graffiti, but nothing was done.

f)  When plaintiff has seen offensive racially derogatory writings, depictions, and/or graffiti he often did not complain at that time because, based on NGSS's historical response, plaintiff believed that the response would be insufficient to remedy the situation.  However, NGSS was or should have been aware of the presence of the offensive racially derogatory writings, depictions, and/or graffiti because management utilized the same bathrooms and observed the offensive racially derogatory writings, depictions, and/or graffiti.

27. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to White supervisory personnel and White non-supervisory employees using the term "nigger" or other racial epithets, including in jokes, on a constant basis in a

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

8

number of places at NGSS so frequently, having been at the shipyard since 1979, that he cannot identify the specific instances.  NGSS knows or should have known about use of the term "nigger" and other racial epithets by White supervisory personnel and White non-supervisory employees, but has failed to take steps to prevent or correct promptly its occurrence.  Plaintiff has complained about being subjected to such offensive racial epithets, but the response has always been insufficient to remedy the situation.  However, plaintiff has not complained about each and every instance of having heard this or other racial epithets because plaintiff believed it would be useless so to do given the historical lack of sufficient response on the part of NGSS. Such exposure includes, but is not limited to in the following instance:

       a) The graffiti has included such statements as "hang niggers", and "send niggers back to Africa".  Plaintiff has seen this graffiti or other objectionable depictions as late as 2005.

    28. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to nooses in a number of places at NGSS.  NGSS knows or should have known about the presence of nooses, both actual and depicted in drawings, at its workplace, but has failed to take steps to prevent or correct promptly its occurrence.  Plaintiff has complained about seeing these nooses, but the response has always been insufficient to remedy the situation.  Plaintiff has not complained about each and every instance of having seen nooses at NGSS because plaintiff believed it would be useless to do so, given the historical lack of sufficient response on the part of NGSS.   Such exposure includes, but is not limited to, the following instances:

       a) In about 2000, plaintiff observed a noose lying on the deck of a ship.  Plaintiff did not complain at that time because, based on NGSS's historical response, plaintiff believed that the response would be insufficient to remedy the situation and because plaintiff believed he would be subjected to retaliation for complaining. However, NGSS was or should have been aware of the presence of the noose because persons known to the plaintiff as supervisors walked past the noose.

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

9

    b)  In about 1999-2000, plaintiff observed a noose hanging on the deck of a ship.
Plaintiff did not complain at that time because, based on NGSS's historical
response, plaintiff believed that the response would be insufficient to remedy the
situation and because plaintiff believed he would be subjected to retaliation for
complaining.  However, NGSS was or should have been aware of the presence of
the noose because persons known to the plaintiff as supervisors walked past the
noose.

29. Plaintiff has been subjected to a hostile work environment based on plaintiff's race.
The hostile work environment comprises and/or has culminated in the adverse treatment
described in paragraphs 20 through 25, incorporated as though fully set forth herein.

30. Plaintiff has been subjected to a hostile work environment based on plaintiff's race.
Plaintiff has been and is aware of the fact of presence of offensive racially derogatory writings,
depictions, and/or graffiti; ubiquitous use of the word "nigger" and other racist epithets; and
nooses at NGSS.

31. Plaintiff has been subjected to a hostile work environment based on plaintiff's race.
Plaintiff has been and is aware of the fact that Black employees have not been provided equal
opportunity with regard to upward job mobility.

32. The hostile work environment based on race to which plaintiff has been exposed is of
a continuing and ongoing nature and constitutes a continuing violation of Title VII and § 1981.

33. NGSS has failed to take steps to remedy and correct promptly the harassing behavior
occurring in its workplace.  NGSS has failed to promulgate, disseminate, and enforce adequately
an anti-harassment policy and failed to provide sufficient training to its employees regarding the
same.  NGSS has failed to respond sufficiently to complaints regarding the harassment as set
forth in paragraphs 26 through 32, incorporated as though fully set forth herein.

## APPROPRIATENESS OF EQUITABLE RELIEF

34. Plaintiff will suffer irreparable injury if the declaratory and injunctive relief requested
herein is not granted, because NGSS will make employment decisions on the basis of the

Plaintiff William Carmichael's Complaint for                                                           10
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

discriminatory procedures and practices described herein or will not remediate the racially

hostile work environment that exists in its workplace. If NGSS is not enjoined from engaging in

discriminatory employment practices, plaintiff will be deprived of career opportunities, which

plaintiff otherwise would have been able to pursue, but for NGSS's discriminatory employment

practices.

35. No plain, adequate, or complete remedy at law is available to plaintiff.  Monetary

relief cannot adequately compensate the loss of promotional opportunities, experience, and

careers with NGSS.  Similarly, monetary relief cannot adequately compensate the continued

subjection to a racially hostile work environment.

36. Unless restrained by order of this Court, NGSS will continue to pursue policies and

practices, which are the same as, or similar to those alleged above.

## FIRST CLAIM FOR RELIEF

37. Plaintiff refers to and incorporates by reference the allegations contained in

paragraphs 1 through 36 and further alleges for a first claim for relief as follows:

38. Defendant has intentionally failed to provide plaintiff equal employment

opportunities by discriminating against plaintiff on the basis of race with regard to treatment and

promotions at NGSS.  NGSS's unequal treatment of plaintiff and other Black employees and its

intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such

discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e

*et seq*.

## SECOND CLAIM FOR RELIEF

39. Plaintiff refers to and incorporates by reference the allegations contained in

paragraphs 1 through 36 and further alleges for a second claim for relief as follows:

40. Defendant has intentionally failed to provide plaintiff equal employment

opportunities by discriminating against plaintiff on the basis of race with regard to treatment and

promotions at NGSS.  NGSS's unequal treatment of plaintiff and other Black employees and its

intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

11

discrimination under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

## THE APPROPRIATENESS OF COMPENSATORY AND PUNITIVE DAMAGES

41. Defendant NGSS has caused plaintiff emotional distress and mental anguish as a proximate result of its illegal practices, and plaintiff is entitled to compensatory damages pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

42. Similarly, defendant NGSS was aware that its actions with regard to plaintiff were in violation of federal statutes prohibiting discrimination on the basis of race, and therefore, plaintiff is entitled to punitive damages.

## PRAYER

WHEREFORE, plaintiff prays that this Court:

a) Declare pursuant to 28 U.S.C. §§ 2201 & 2202 the employment practices set forth in paragraphs 1 through 33 to be unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Civil Rights Acts of 1866, as amended, 42 U.S.C. § 1981;

b) Adjudge, decree, and declare that the practices of NGSS complained of herein are violative of the rights secured to plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

c) Issue a preliminary and permanent injunction enjoining NGSS, its agents, successors, employees, attorneys, and those acting in concert with it from engaging in each of the unlawful practices set forth in paragraphs 1 through 33 and from continuing other practices found to be in violation of applicable law;

d) Direct NGSS to take such affirmative steps as are necessary to ensure that the effects of its unlawful employment practices are eliminated;

e) Enter a permanent mandatory injunction requiring that NGSS adopt employment practices in conformity with the requirements of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866,

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

12

as amended, 42 U.S.C. § 1981;

    f)    Require that NGSS submit a comprehensive plan detailing how it plans to ensure fair and equitable job advancement opportunities for Black employees.  The plan should also outline steps to be taken to ensure that jobs available remain open until the posting period has expired;

    g)    Require that NGSS institute a policy that affords equal opportunities for training and development.  The policy should include the requirement that such training opportunities must be announced to the entire workforce as well as a procedure consisting of a rotation scheme and other procedures to ensure that training for job advancement is afforded to all those who are interested;

    h)    Grant equitable relief, including, but not limited to, back pay, sick pay, vacation pay, disability benefits, and seniority rights to plaintiff;

    i)    Grant such punitive, general, and special damages as proved at trial;

    j)    Award plaintiff the costs and litigation expenses of this action and reasonable attorneys' fees as provided for in section 706(k) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(k), and the Civil Rights Attorneys Fees Award Act of 1976, as amended, 42 U.S.C. § 1988; and

    k)    Grant such other and further relief as may be just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury.

Dated:  September 20, 2006          SANDRA JARIBU HILL, Esq.
                                    Mississippi Workers Center for
                                       Human Rights

                              WILLIAM C. MCNEILL, III, Esq.
                                    The Legal Aid Society-Employment
                                    Law Center

                              Counsel for Plaintiffs

Plaintiff William Carmichael's Complaint for                       13
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

By:     /s/ William C. McNeill, III____
        WILLIAM C. McNEILL, III, Esq.


William C. McNeill, III, Esq., MS Bar No. 42867, *Pro Hac Vice*
Denise M. Hulett, Esq., MS Bar No. 44672, *Pro Hac Vice*
Shelley A. Gregory, Esq., MS Bar No. 43443, *Pro Hac Vice*
The Legal Aid Society – Employment Law Center
600 Harrison Street, Suite 120
San Francisco, California  94107
(415) 864-8848

Sandra Jaribu Hill, Esq., MS Bar No. 10684
Mississippi Workers Center for Human Rights
213 Main Street
P.O. Box 1223
Greenville, Mississippi  38702-1223
(662) 334-1122

Plaintiff William Carmichael's Complaint for                                    14
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following: Paul B. Eason; Maria Candace Burnette; Timothy W. Lindsay; Stephen A. Brandon.

I hereby certify that I have mailed by United States Postal Service the documents to the following non-ECF participants:

Tammi Liddell
3836 Prentiss St.
Moss Point, MS  39563

Willie B. Richmond
1608 Timberlane Road
Gautier, MS  39553

Edna M. Tubbs
P.O. Box 501
Escatawpa, MS  39552

  /s/ Laurel Kapros
Laurel Kapros

Plaintiff William Carmichael's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00775-LG-RHW

15